# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| NICHOLAS WESTERMAN, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:09-CR-0008-WSD-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:13-CV-3409-WSD-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Nicholas Westerman's pro se "Motion to Dismiss and for a Writ of Deliverance," [Doc. 88], which the Court has construed as a motion to vacate his sentence under 28 U.S.C. § 2255, see [Doc. 91], and the government's response thereto, [Doc. 90]. For the reasons stated herein, the undersigned **RECOMMENDS** that this action be **DISMISSED** because it is both untimely and barred by Westerman's plea agreement.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a second superceding indictment charging Westerman in Count One with possession with intent to distribute at least fifty grams or more of methamphetamine, in violation of 21

AO 72A
(Rev.8/82)

U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); in Count Two with carrying and possessing firearms during and in relation to, and in furtherance of, the drug trafficking crime alleged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A); and in Count Three with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). [Doc. 41]. Westerman pleaded guilty to Count One, pursuant to a negotiated plea agreement in which the government agreed to dismiss any and all remaining counts. [Doc. 62-1 at 1, 3].

The plea agreement included a limited waiver of appeal, which provides that Westerman

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Westerman] may file a direct appeal of: (1) an upward departure or a variance from the sentencing guideline range as calculated by the district court; (2) the Court's adverse determination in Docs. No. 51 and 61 of his motion to suppress evidence, Doc. No. 16.

[Id. at 7-8]. This provision of the plea agreement further provides that Westerman may file a cross appeal if the government appeals the sentence. [Id. at 8]. Westerman signed the plea agreement and a separate certification section, which states in relevant part:

2

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

[Id. at 10-11].

At the plea hearing, Westerman was placed under oath and confirmed that he had not consumed any prescription drugs, alcohol, or illegal drugs within the past twenty-four hours. [Doc. 79 at 3-4]. The Court explained to Westerman the rights he was giving up in pleading guilty, and Westerman stated that he understood and was willing to give up those rights. [Id. at 4-11]. The prosecutor reviewed the terms of the plea agreement, including the appeal waiver, and Westerman agreed with the prosecutor's description of the plea agreement. [Id. at 12-15]. Westerman acknowledged that no one had threatened or forced him to plead guilty and that no one had threatened that further charges would be brought against him or that other adverse action would be taken against him if he did not plead guilty. [Id. at 15]. Westerman also confirmed that no one had promised him anything not contained in the plea agreement, told him what actual sentence he would receive, or suggested that he not tell the complete truth. [Id. at 16]. Westerman further affirmed that he had sufficient

time to consider and discuss the matter with his attorney before entering his plea and that he was satisfied with counsel's representation. [Id. at 18].

Next, the prosecutor described the elements of the offense charged in Count One, and Westerman acknowledged that he understood and agreed with the prosecutor's description. [Id. at 18-19]. Westerman also understood that, as to Count One, he faced a possible maximum sentence of life imprisonment and a mandatory minimum term of imprisonment of ten years. [Id. at 19-20]. The Court also discussed the United States Sentencing Guidelines with Westerman and explained that the guideline recommendation is only advisory so the Court could impose a sentence above or below that range. [Id. at 21-25]. The Court then reviewed the terms of the appeal waiver and its consequences, and Westerman affirmed that he understood the effect of the waiver. [Id. at 25]. Westerman further acknowledged that he could not later withdraw his plea even if his sentence was more severe than he expected and that the Court could reject the government's sentencing recommendations contained in the plea agreement. [Id. at 28-29].

The prosecutor then summarized what the evidence would show if the case went to trial. [Id. at 29-30]. Westerman admitted that he possessed the methamphetamine,

firearms, and scale found in his car and that he was guilty of the crime alleged in Count One. [Id. at 30-31]. The Court accepted Westerman's plea. [Id. at 34-35].

At the sentencing hearing, the Court determined that Westerman's guideline range was 262 to 327 months of imprisonment. [Doc. 80 at 3]. Westerman's counsel argued for a lesser sentence. [Id. at 4-10]. The Court imposed a 200-month sentence of imprisonment. [Id. at 23; Doc. 72]. Westerman appealed the Court's denial of his motion to suppress evidence, and on March 17, 2011, the United States Court of Appeals for the Eleventh Circuit affirmed. United States v. Westerman, 418 F. App'x 822, 823 (11th Cir. 2011).

Westerman filed this pro se § 2255 motion on August 21, 2013.[1] [Doc. 88 at 3]. Although not entirely clear, it appears that Westerman is arguing that the indictment should be dismissed because the Court based its sentence on either the original or first superceding indictment, rather than the second superceding indictment, and because the second superceding indictment was never presented to the

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. Washington, 243 F.3d at 1301.

grand jury. [Id. at 1-3]. The government responds that Westerman's motion is due to be dismissed as untimely and barred by the plea agreement and that it fails on the merits.[2] [Doc. 90 at 4-9].

## II. DISCUSSION

**A.**  **Timeliness**

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, there is no claim that the circumstances set forth in subparagraphs (2) through (4) of § 2255(f) apply.

---

[2] Because the undersigned finds that this § 2255 motion fails on two procedural grounds, the Report and Recommendation does not address the merits of Westerman's claim.

Westerman's conviction became final, for purposes of § 2255(f)(1), on June 15, 2011, ninety days after the Eleventh Circuit affirmed his sentence. See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); Sup. Ct. R. 13(1) (providing that a petition for a writ of certiorari must be filed within ninety days after the entry of judgment). Because Westerman did not file this § 2255 motion until August 21, 2013, more than two years after his conviction became final, it is not timely under § 2255(f)(1).

Westerman does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse the late filing of his § 2255 motion. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928, 1936 (2013) (A plea of actual innocence can overcome the one-year limitations period for filing a federal habeas corpus action if the movant "presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (citing Schlup v. Delo, 513 U.S. 298, 316 (1995)); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even

with diligence."). Accordingly, Westerman's § 2255 motion is due to be dismissed as untimely.

**B.   Appeal Waiver**

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) (citation omitted). "[F]or a sentence-appeal waiver to be enforceable, '[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver.'" Id. (citation omitted). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes [a collateral attack upon] the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342.

At the plea hearing, the Court specifically questioned Westerman about the appeal waiver, and it is clear that Westerman understood the full significance of the waiver. [Doc. 79 at 25]. Thus, the undersigned finds that Westerman knowingly and voluntarily waived his right to appeal his convictions and sentences and to pursue any other collateral post-conviction relief. The only exceptions to this waiver, i.e., a

8

government appeal, a sentence that exceeds the guideline range as calculated by the Court, or the denial of Westerman's suppression motion, do not apply here. Therefore, Westerman's § 2255 motion is also due to be dismissed as barred by his valid appeal waiver. See Williams, 396 F.3d at 1341-42.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). The findings that Westerman's § 2255 motion is both untimely and barred by the plea agreement are not

debatable by jurists of reason. Accordingly, the undersigned recommends that Westerman be denied a COA.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 88], be **DISMISSED** and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 22nd day of October, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE