IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICHOLAS WESTERMAN,<br><br>　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CRIMINAL ACTION NO.<br>1:09-cr-8-WSD-RGV<br><br>CIVIL ACTION NO.<br>1:13-cv-3409-WSD-RGV |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [92] ("R&R") on Movant Nicholas Westerman's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [91] ("Motion to Vacate") and Plaintiff's *pro se* objections to the Magistrate Judge's [sic] R&R.[1]

**I.    BACKGROUND**

Movant Nicholas Westerman ("Movant") was charged in this case with conspiracy to possess with the intent to distribute at least fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)

---

[1] The "objections" asserted by Plaintiff and whether they are properly asserted is addressed later in this Order.

(Count One); with carrying and possessing a firearm during and in relation to, and in furtherance of, the drug trafficking offense alleged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2)(Count Three).[2] Movant pleaded guilty to Count One, pursuant to a negotiated plea agreement. Movant, in pleading guilty, agreed to

> voluntarily and expressly waive[] the right to appeal his conviction and sentence and the right to collaterally attack his sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that [Movant] may file a direct appeal of: (1) an upward departure or a variance from the sentencing guideline range as calculated by the district court; (2) the Court's adverse determination in Docs. No. 51 and 61 of his motion to suppress evidence.

Movant also was allowed to file a cross appeal if the Government appealed his sentence. In executing the plea agreement, Movant certified:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

---

[2] The facts are taken from the R&R and the record. The parties have not objected to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's fact findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

2

The provisions of the plea agreement, including the waiver of appeal, were explained to Movant in detail at his change of plea hearing.  The Court specifically asked Movant if he understood the waiver of appeal provision in his plea agreement and that it prohibited him from challenging his conviction or his sentence in a direct appeal or a collateral attack, except as permitted under the narrow exceptions expressed in the waiver of appeal provision.  Movant stated he understood the waiver and still wished to plead guilty to Count One.

The Government stated what the evidence would show if the case went to trial.  Movant agreed that the Government had accurately described the conduct in which he engaged that gave rise to his offense charged in Count One and he admitted he was guilty of the crime alleged in Count One.

On June 21, 2010, the Court conducted a sentencing hearing and, in its conclusion, Movant was sentenced, including to 200 months of imprisonment.

Almost two years later, on August 21, 2013, and notwithstanding the waiver of appeal and collateral attack in his plea agreement, Movant filed the § 2255 Motion to Vacate that is pending before the Court.  In the Motion to Vacate, Movant contends that the indictment should be dismissed because (1) the Court based its sentence on either the original or first superseding indictment, rather than the second superseding indictment, and (2) the second superseding indictment was

not presented to the grand jury.  The Movant does not assert that he did not knowingly or voluntarily enter his plea of guilty and he does not allege he is innocent of the crime of which he was convicted.  He also does not assert any extraordinary circumstances as an excuse for the late filing of the § 2255 Motion to Vacate on August 21, 2013.

On October 22nd, 2013, the Magistrate Judge entered his R&R recommending that the Motion to Vacate should be dismissed and that a certificate of appealability be denied.

On November 7, 2013, Movant submitted "objections" to the Magistrate Judge's R&R [94].[3]  In liberally construing Plaintiff's *pro se* objections, the Court finds that Movant did not assert any cognizable objections to the findings and recommendations of the Magistrate Judge.  See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."); Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("to challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is

---

[3] The Magistrate Judge noted that because the § 2255 motion fails on two procedural grounds and thus he was not required to address the merits of Movant's Claim.  The Court finds no plain error in this determination.

4

made and the specific basis for objection"); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Movant did not raise

specific objections to any of the findings, conclusions, or recommendations in the R&R, and the Court thus reviews them for plain error.[4]

B.  Analysis

1.  Motion to Vacate

On June 15, 2011, ninety (90) days after the Eleventh Circuit affirmed his sentence, Movant's conviction became final.  See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); Sup. Ct. R. 13(1) (providing that a petition for a writ of certiorari must be filed within ninety days after the entry of judgment).  More than two years later, Movant filed the § 2255 Motion to Vacate pursuant to § 2255(f)(1).[5]

---

[4] Even if proper objections had been asserted, the Court would have determined on its *de novo* review that the Motion to Vacate is untimely and required to be dismissed and that a Certificate of Appealability should not be issued.

[5] A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, and if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence.  28 U.S.C. § 2255(f).  The Magistrate Judge noted that the circumstances set forth in subparagraphs (2)

The Court finds no plain error in the Magistrate Judge's finding that Movant's § 2255 Motion to Vacate is untimely. The Court also finds no plain error in the Magistrate Judge's finding that Movant does not contend that he is innocent, and he has not alleged any extraordinary circumstances to justify the late filing of the Motion to Vacate. See McQuiggin v. Perkins, 133 -U.S.- S. Ct. 1924, 1928, 1936 (2013) (citing Schlup v. Delo, 513 U.S. 298, 316 (1995) (A plea of actual innocence can overcome the one-year limitations period for filing a federal habeas corpus action if the Movant "presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'"); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)(per curiam) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.").

The Magistrate Judge also found that "sentence appeal waivers, made knowingly and voluntarily, are enforceable." United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Williams v. United States, 396 F.3d 1340,

---

through (4) of § 2255(f) do not apply in this action, and the Court finds no plain error in this determination.

1342 (11th Cir. 2005) (sentence appeal waiver enforced in a collateral proceeding). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues – indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999). Such waivers are upheld where "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of that waiver." Bushert, 997 F.2d at 1351. Those requirements are plainly met in this case, including as a result of the detailed explanation given to the Movant by this Court of the scope and effect of the waiver of appeal and collateral attack rights expressed in the plea agreement into which he entered and Movant's acknowledgement that he understood the waiver precluded the Motion to Vacate he filed. The Magistrate Judge found in his R&R that the Movant's waiver of his right to appeal or collaterally attack his conviction and sentence is enforceable. The Court finds no plain error in this finding or the Magistrate Judge's recommendation that the Motion to Vacate be dismissed.

    2.    <u>Certificate of Appealabilty</u>

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C.

foll. `§ 2255, Rule 11(a).  A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); <u>see also</u> <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (internal quotation marks omitted)).  Movant did not demonstrate that he is entitled to federal habeas relief, that enforcement of the appeal and collateral attack waiver is incorrect, or that these issues are reasonably

debatable.  The Court thus adopts the Magistrate Judge's finding and recommendation that a certificate of appealability be denied.

### III.  CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [92] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant Nicholas Westerman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [91] is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**SO ORDERED** this 10th day of June, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE